**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Kenneth Hart

     v.                                        Civil No. 18-cv-424-SM

Michelle Edmark, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Pro se prisoner Kenneth Hart has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  Before the court is Hart's motion for summary judgment (Doc. No. 16), asserting that he is innocent and entitled to relief on his claims, and asserting that a default judgment should be entered because respondent has not filed an answer.

I.  Default

Hart seeks an order finding that respondent is in default as she has not filed an answer to date.  Pursuant to Rule 5(a) of the Rules Governing Section 2254 Cases ("§ 2254 Rules"), the respondent is not required to file an answer until ordered to do so by the court.  This court has not previously directed the respondent to file an answer to the petition.  Accordingly, the district judge should deny Hart's motion for a default judgment.

II.  <u>Summary Judgment</u>

Hart argues that he is entitled to summary judgment on his claims, including his claim of innocence.  There are substantial legal and factual issues in this case that preclude this court from granting judgment as a matter of law in Hart's favor.  For reasons stated in the Order issued this date, Hart has not yet demonstrated that he has exhausted all effective and available state remedies on his claims.  <u>Cf.</u> 28 U.S.C. § 2254(b) (habeas petition shall not be granted unless it appears that applicant has exhausted all available and effective state remedies).  Furthermore, as explained in that Order, Hart has not yet demonstrated that his claims are not time-barred under 28 U.S.C. § 2244(d).  The Order issued this date provides Hart with thirty days in which to file an amended petition demonstrating that he has exhausted all of the available and effective remedies on his claims, and to show that his claims are not barred by the statute of limitations.  As Hart has not yet filed any response to that Order, and respondent has not filed an answer to the petition, Hart's motion for summary judgment is premature.

This court notes that, in both the petition and in his motion for summary judgment, Hart asserts that he is innocent.  A "credible showing of actual innocence" can provide a means for a petitioner to avoid the effect of the statute of limitations.  <u>See</u> <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 392 (2013).  Actual

innocence in this context, however, "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The actual innocence exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'" in light of that new evidence. McQuiggin, 569 U.S. at 395 (citation omitted). Here, Hart's claim of innocence is a claim that the evidence was insufficient to support the jury's verdict. Hart's claim is not based on the type of new evidence described in McQuiggin. Accordingly, the district judge should deny Hart's motion for summary judgment (Doc. No. 16) at this time, without prejudice to Hart's ability to refile a similar motion, after Hart responds to the Order issued this date, and the court completes its preliminary review of the amended petition he may file as part of that response, pursuant to LR 4.3(d)(4) and § 2254 Rule 4.

## Conclusion

For the foregoing reasons, the district judge should deny Hart's motion for summary judgment (Doc. No. 16) without prejudice, as premature. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific

written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 18, 2018

cc:  Kenneth H. Hart, pro se
     Elizabeth Woodcock, Esq.