UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Kenneth Hart,
      Petitioner

   v.                                    Case No. 18-cv-424-SM
                                         Opinion No. 2019 DNH 205
Warden, N.H. State Prison,
      Respondent

**O R D E R**

Nearly 20 years ago, in February of 2000, Kenneth Hart was convicted in state court of two counts of aggravated felonious sexual assault, witness tampering, and resisting arrest. He was sentenced to serve 10 to 20 years in prison on the sexual assault convictions, with suspended sentences on the remaining convictions. He brings this habeas corpus petition asserting that he is entitled to "relief from his wrongful conviction" on grounds that: (1) when he elected to represent himself at trial, he did not make a knowing, intelligent, and voluntary waiver of his right to trial counsel; and (2) he was not competent to stand trial.

The State moves to dismiss Hart's petition - not on the merits but, rather, because it is untimely. Specifically, the State points out that Hart filed his federal petition well

beyond the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d)(1). Hart objects, asserting that he is entitled to the benefit of equitable tolling of that limitations period.

For the reasons discussed, the State's motion to dismiss Hart's petition on grounds that it is untimely is denied, albeit without prejudice.

**Background**

Hart has a well-documented history of mental illness. Indeed, prior to his criminal trial, when Hart notified the court of his intention to represent himself, the trial court ordered that he undergo a mental evaluation to determine whether he was capable of knowingly and intelligently waiving his constitutionally protected right to counsel and, relatedly, whether he was competent to stand trial. Following an evidentiary hearing on the matter (at which Hart's examining psychiatrist testified), the court concluded that Hart was competent to stand trial and that he had knowingly and voluntarily waived his right to counsel. Nevertheless, it is plain that Hart continued to suffer from varying degrees of mental illness throughout his incarceration. Upon his release

from prison in 2018, Hart was involuntarily committed to the New Hampshire Hospital. See Involuntary Admission Order (document no. 40-13) (concluding that, as a consequence of his mental illness, Hart posed "a potentially serious likelihood of danger to himself and others").

Hart never appealed his criminal convictions to the New Hampshire Supreme Court. Many years later, however, he did collaterally attack those convictions in a state petition for habeas corpus relief.[1] In it, Hart raised both a legal argument and a factual argument. First, he asserted that the trial court applied an inappropriate legal standard when assessing his competency to waive his right to trial counsel. In a related argument, he claimed that the trial record failed to establish that he understood the consequences and significance of his waiver of counsel and, therefore, he did not knowingly waive that constitutionally protected right. The New Hampshire Supreme Court considered and rejected both of Hart's arguments. See Hart v. Warden, 171 N.H. 709 (2019).

---

[1]  For reasons not relevant to this proceeding, the New Hampshire Supreme Court construed Hart's collateral attack on his convictions as a petition seeking coram nobis relief. Hart v. Warden, 171 N.H. 709, 716 (2019).

Hart challenges those decisions of the New Hampshire Supreme Court. Under AEDPA, the questions presented by Hart's federal habeas petition are whether the state court's resolution of Hart's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and/or whether that decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). As noted earlier, however, the State says this court need not address the merits of Hart's petition because it is untimely and he has not shown that he is entitled to the benefit of equitable tolling.

**Standard of Review**

The Supreme Court has recognized that the limitations period in AEDPA is not jurisdictional and is, therefore, subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). The court of appeals has noted that "[a] habeas petitioner bears the burden of establishing the basis for equitable tolling. To carry this burden, he must demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing.'" Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (quoting Holland, 560 U.S. at 649).

The Riva court went on to hold that "mental illness can constitute an extraordinary circumstance, which may prevent a habeas petitioner from understanding and acting upon his legal rights and thereby equitably toll the AEDPA limitations period." Id. at 40. The court added that, "[t]here must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief." Id. And, to satisfy that causation requirement, a petitioner must show that, "during the relevant time frame, he suffered from a mental illness or impairment that so severely impaired his ability either effectively to pursue legal relief to his own behoof or, if represented, effectively to assist and communicate with counsel." Id. So, Hart bears the burden of demonstrating that he suffered from a mental illness or impairment that severely impaired his ability to effectively pursue habeas relief for a continuous period of more than fifteen years.[2]

---

[2] Hart's conviction became "final" in February of 2001. Accordingly, he had one year within which to file his petition under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1) (establishing a one-year limitations period for habeas petitions filed by individuals in state custody). He did not file the pending petition until May of 2018.

5

**Discussion**

The parties dispute whether Hart's mental illness was so acute that it severely impaired his ability to effectively pursue legal relief on his own behalf for a continuous and uninterrupted period of more than fifteen years. The difficulty presented by that factual dispute is this: it likely cannot be resolved solely on the record presently before the court.[3] Rather, an evidentiary hearing would probably be required, as would the testimony of psychiatric experts (who would, of course, first have to examine Hart and review his medical records throughout his entire period of incarceration).

Given that, a more efficient approach to resolving Hart's claims would be to bypass the timeliness issue for now in favor of exploring the merits of his claims, returning to the timeliness issue if there appears to be any substantive merit to his petition. The legal issues presented by Hart's petition do not seem particularly complicated and would appear to lend themselves to relatively straight-forward analysis on the record

---

[3] The State argues, for example, that Hart's substantial history of (unsuccessful) litigation in both the state and federal courts evidences his ability to have pursued any constitutional challenges to his convictions many years ago. While that certainly may be some evidence of Hart's ability to pursue his legal rights, it is just that: some evidence. It is by no means conclusive. See generally Riva, 615 F.3d at 42-43.

presented. See, e.g., Trussell v. Bowersox, 447 F.3d 588, 590–91 (8th Cir. 2006) ("[B]ecause neither the statute of limitations nor procedural default constitutes a jurisdictional bar to our review, we shall, in the interest of judicial economy, proceed to the merits of Trussell's petition.") (citations omitted); See also Cooper v. Calderon, 274 F.3d 1270, 1275 n.3 (9th Cir. 2001) (bypassing equitable tolling argument and resolving petition on the merits); Schaff v. Montana, 2017 WL 6816075, at *1 (D. Mont. Dec. 18, 2017) ("Although Schaff's petition is still likely time-barred and procedurally defaulted, at this juncture it is more efficient to proceed to the merits.") (citing 28 U.S.C. § 2254(b)(2) and Lambrix v. Singletary, 520 U.S. 518, 525 (1997)); Verba v. Wofford, 2016 WL 126728, at *2 (C.D. Cal. Jan. 11, 2016) ("Respondent contends that Grounds Three and Five are untimely and procedurally barred . . . However, the Court will not address these issues since the Court retains the discretion to address and deny claims on the merits even if the claims are alleged to be untimely.") (collecting cases). See generally Babick v. Berghuis, 620 F.3d 571, 576 (6th Cir. 2010) ("Babick procedurally defaulted his claims in state court. To obtain relief on them here, therefore, he must establish cause and prejudice for the defaults. . . . We cut to the merits here,

since the cause-and-prejudice analysis adds nothing but complexity to the case. So to the merits we now turn.").

**Conclusion**

The State's motion to dismiss Hart's petition as untimely (document no. 44) is denied, albeit without prejudice to renewing it later if circumstances warrant. In the interim, however, the State shall, on or before **January 17, 2020**, file a dispositive motion addressing the merits of Hart's petition. Hart may then respond on or before **February 14, 2020**.

**SO ORDERED.**

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Steven J. McAuliffe
　　　　　　　　　　　　　　　United States District Judge

Dated: December 6, 2019

cc: Donna J. Brown, Esq.
　　 Elizabeth C. Woodcock, Esq.